FILED
JUN 2 4 2013
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|           Plaintiff,          ) | |
| v.          ) | No. S-1 4:13 CR 58 HEA |
| JEFFREY ELLERBECK,          ) | |
|           Defendant.          ) | |

## SUPERSEDING INFORMATION

### COUNT I

The United States Attorney charges that:

Beginning at a time unknown to the Grand Jury, but not before approximately September 1, 2012, through January 30, 2013, within the Eastern District of Missouri and elsewhere,

**JEFFREY ELLERBECK**,

the Defendant herein, did knowingly, unlawfully, and intentionally combine, conspire, confederate, and agree together with each other and with others known and unknown, to commit the following offense against the United States: to possess with the intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and the offense involved 100 kilograms of marijuana, making the offense punishable under Title 21, United States Code Section 841(b)(1)(B)(vii).

All in violation of Title 21, United States Code, Section 846.

### FORFEITURE ALLEGATION

The United States Attorney alleges that:

1. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Section 841 as set forth in Count One of the Indictment, the defendants shall forfeit to the United States of America:

   a. any property, constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violations;

   b. any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violations; and

   c. a sum of money equal to the total property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to the offense charged in Count One.

3. Subject to forfeiture is no less than $302,855 in United States currency, which is a sum of money equal to the total value of any property, real or personal involved in transactions or attempted transactions in furtherance of the offense charged in Count One.

4. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. 2004 Audi A6, VIN: WA1YD64B74N001039; and

   b. approximately $302,855 in United States currency

5. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

3

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

            Respectfully submitted,

            RICHARD G. CALLAHAN
            United States Attorney

            */s/ Stephen Casey*
            Stephen Casey #58879MO
            Assistant United States Attorney
            111 South 10th Street, Room 20.333
            St. Louis, Missouri  63102
            (314) 539-2200

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| EASTERN DIVISION | ) |
| EASTERN DISTRICT OF MISSOURI | ) |

I, Stephen Casey, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

_____
Stephen Casey

Subscribed and sworn to before me this 24th day of June 2013.

_____
CLERK, U.S. DISTRICT COURT

By: _____
DEPUTY CLERK